BURL HUDSON v. THE STATE.

No. 11624.   Delivered May 16, 1928.
Rehearing denied June 13, 1928.

The opinion states the case.

*Madden & Denny* of Crockett, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for selling intoxicating liquor, punishment one year in the penitentiary.

The record is before us without any bill of exceptions. Appellant's complaint in his brief is directed only at what he claims to be the insufficiency of the testimony. A boy testified positively to a sale of intoxicating liquor by appellant to the witness. He stuck to his story after a vigorous cross-examination. Appellant did not take the stand and deny making the sale. He introduced two relatives of his and two other witnesses in an apparent effort to show that the drunken condition of the boy—which was shown to have existed on the afternoon on which said boy claimed to have purchased the intoxicating liquor from appellant—resulted from other causes than the drinking of four bottles of home brew which said boy testified was the liquor purchased from appellant. These witnesses undertook to attribute to the boy the character of a habitual user of intoxicating liquor. This latter fact was combated by the state in rebuttal. We are not prepared to say that the jury were without warrant in accepting as true the testimony of the lad in question.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant again urges that the evidence is insufficient. We have carefully reviewed the testimony and still find ourselves unable to take appellant's view of it. The record presents a case such as frequently reaches this court where defensive evidence, if accepted by the jury, would support a finding against the state, but where the evidence is conflicting and the jury may properly adopt either of two theories, both being supported by the evidence, we would be unauthorized to invade the province of the jury in determining an issue of fact.

One ground of the motion for rehearing is that it appears from the former opinion that one reason for affirming the judgment was because appellant did not testify. In reciting what is disclosed by the record we frequently say in our opinions that appellant offered no testimony or that appellant did not testify, but such expressions are not to be taken as indicating that this court considered the fact of appellant's failure to testify as a circumstance against him.

The motion for rehearing is overruled.

*Overruled.*